Dyan Finguerra-DuCharme (DF-9228)
Ryan S. Klarberg (RK-4719)
Pryor Cashman LLP
7 Times Square
New York, New York 10036
Telephone: (212) 421-4100
dfinguerra-ducharme@pryorcashman.com
rklarberg@pryorcashman.com
*Attorneys for Plaintiff Alyssa Ann Sportsfishing, Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALYSSA ANN SPORTSFISHING, INC., <br><br> Plaintiff, <br><br> - against - <br><br> GILBERT PARKER, JILL WINKLEMAN AND MONTAUK FISHING CHARTER SERVICE, <br><br> Defendants. | Civil Action No. <br><br> **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Alyssa Ann Sportsfishing, Inc. d/b/a Montauk Fishing Charters ("Alyssa Ann" or "Plaintiff"), by its attorneys Pryor Cashman LLP, alleges as follows against Defendants Gilbert Parker, Jill Winkleman and Montauk Fishing Charter Service ("MFCS") (collectively, "Defendants"):

**NATURE OF THE ACTION**

1. By this Complaint, Alyssa Ann seeks preliminary and permanent injunctive relief and damages because of Defendants' infringement of Plaintiff's MONTAUK FISHING CHARTERS® trademark (the "MONTAUK FISHING CHARTERS® Mark") and Defendants' acts of unfair competition. Defendants are using a mark that is nearly identical to Plaintiff's MONTAUK FISHING CHARTERS® Mark in connection with the same services, which are

1332611 v3
99999.00099

marketed through the same channels of trade to the same consumer. Because Plaintiff's business is seasonal, Defendants' actions are causing immediate and irreparable harm.

## PARTIES

2. Plaintiff Alyssa Ann Sportsfishing, Inc. is a corporation organized and existing under the laws of the State of New York, having its principal place of business in Montauk, New York.

3. Upon information and belief, Defendant Gilbert Parker a/k/a Gill Parker is an individual that resides at 57 Kirk Avenue, Unit #3-B, Montauk, New York 11954. Upon information and belief, Parker is a principal owner of Montauk Fishing Charter Service.

4. Upon information and belief, Defendant Jill Winkleman is an individual that resides at 57 Kirk Avenue, Unit #3-B, Montauk, New York 11954. Upon information and belief, Winkleman is a principal owner of Montauk Fishing Charter Service.

5. Upon information and belief, Defendant Montauk Fishing Charter Service has its principal place of business located at 57 Kirk Avenue, Unit #3-B, Montauk, New York 11954.

## JURISDICTION AND VENUE

6. The action arises under the Lanham Trademark Act, 15 U.S.C. §1501 *et seq.* (the "Lanham Act"). This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1125, 1331, and 1338, 15 U.S.C. §§ 1116 and 1121, over the federal claims, and this Court has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1367 and 1338 for the state statutory and common law claims.

7. This Court has personal jurisdiction over the Defendants because they are transacting business and committing tortious acts within the State of New York and this judicial district.

8.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because the services that are the subject of this action were, and continue to be rendered, to consumers in this judicial district.

## FACTUAL ALLEGATIONS

A.  **Plaintiff's MONTAUK FISHING CHARTERS® Mark and Related Services**

9.  Plaintiff Alyssa Ann is an independent booking service that offers fishing boat charters and boat cruises in and around Montauk, New York. Plaintiff has thirty full time boats within its fleet and over thirty years of experience in the industry.

10. Plaintiff has used the MONTAUK FISHING CHARTERS Mark in connection with these services since at least as early as 1996, and has developed a strong reputation in the marketplace for offering high quality services. As such the MONTAUK FISHING CHARTERS Mark has garnered enormous goodwill among consumers and has become a valuable commercial asset.

11. Plaintiff owns and operates a website, located at <montaukfishingcharters.com> ("Plaintiff's Website"), that markets and promotes Plaintiff's fishing and boat charter services and prominently uses and displays the MONTAUK FISHING CHARTERS® Mark. In addition to word of mouth, Plaintiff's Website is its main means by which to advertise and promote its services.

12. Plaintiff owns an United States trademark registration for the MONTAUK FISHING CHARTERS® Mark, U.S. TM Reg. No. 4,022,056, for Class 39 services, namely, "Boat chartering; Boat cruises; Conducting boat charters; Conducting fishing charters" ("Plaintiff's Registration"). Plaintiff's Registration is valid and subsisting.

B. **Defendants' Infringing Conduct**

13. Upon information and belief, Defendants are knowingly, willfully and without authorization, rendering, offering, advertising, marketing and/or promoting services under the marks MONTAUK FISHING CHARTER SERVICE and MONTAUK CHARTER SERVICE (collectively, the "Infringing Marks") in connection with fishing and boat charter services. Defendants' services are the same as Plaintiff's services.

14. Upon information and belief, Defendants are marketing and promoting their services to the same consumers as targeted by Plaintiff.

15. Upon information and belief, Defendants began using the Infringing Marks in commerce just a few months ago - over 18 years after Plaintiff started using its MONTAUK FISHING CHARTERS® Mark in connection with the same services.

16. Upon information and belief, Defendants own and operate a website located at <montaukcharterservice.com>, created on or about February 18, 2014, which prominently displays the Infringing Marks in connection with Defendants' fishing and boat charter services.

17. Upon information and belief, Defendants also own and operate a website located at <montaukfishingcharterservice.com>, which was created on or about January 30, 2014. The <montaukfishingcharterservice.com> re-directs to Defendants' <montaukcharterservice.com> website. The websites located at <montaukcharterservice.com> and <montaukfishingcharterservice.com> are collectively referred to as "Defendants' Websites".

18. Upon information and belief, Defendants operate a Facebook page, located at <facebook.com/montaukfishingcharterservice>, that prominently displays the Infringing Marks in connection with Defendants' fishing and boat charter services ("Defendants' Facebook Page").

19. Defendants MONTAUK FISHING CHARTER SERVICE and MONTAUK CHARTER SERVICE marks are confusingly similar in sight, sound and commercial impression to Plaintiff's MONTAUK FISHING CHARTERS® Mark. Because the Infringing Marks are confusingly similar to Plaintiff's Mark and are used in connection with identical services, consumers are likely to be deceived and/or confused into believing that Defendants' services are Plaintiff's services, when, in fact, they are not. At the very least, consumers are likely to believe that Defendants' services are sponsored by, associated with or affiliated with Plaintiff's firmly established charter boat and fishing services.

20. Upon information and belief, consumers have contacted Defendants under the false impression that Defendant's services were Plaintiff's services.

21. Upon information and belief, at all relevant times, Defendants were and are aware that they are intentionally confusing and misleading customers by using the Infringing Marks in connection with identical services.

22. On May 27, 2014, Plaintiff sent a cease and desist letter to Defendants demanding that Defendants cease and desist from using the Infringing Marks. Attached as Exhibit A is a true and correct copy of the May 27, 2014 letter from Plaintiff's counsel to Defendants. To date, Defendants have not responded.

23. Upon information and belief, Defendants have continued to willfully render, advertise, market and/or promote its boating and fishing charter services under the Infringing Marks, all in the face of and with full knowledge of Plaintiff's rights in and to the MONTAUK FISHING CHARTERS® Mark in connection with its services.

## COUNT ONE
## FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1114)

24. Plaintiff repeats and realleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

25. Defendants have used in commerce, without Plaintiff's permission, the MONTAUK FISHING CHARTERS® Mark, and/or marks colorably similar thereto, including, but not limited to, the marks MONTAUK FISHING CHARTER SERVICE and MONTAUK CHARTER SERVICE, in a manner that is likely to cause confusion, mistake or deception with respect to Plaintiff's MONTAUK FISHING CHARTERS® Mark, and is likely to cause confusion or mistake and to deceive purchasers as to the affiliation, connection, approval, sponsorship or association of Plaintiff's and/or its goods, services and commercial activities, on the one hand, with Defendants and/or their respective goods, services or commercial activities, on the other hand.

26. Defendants' unauthorized use of the MONTAUK FISHING CHARTERS® Mark infringes Plaintiff's Registration.

27. Defendants' acts constitute infringement of the MONTAUK FISHING CHARTERS® Mark under 15 U.S.C. § 1114.

28. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to its MONTAUK FISHING CHARTERS® Mark, business reputation and goodwill. Defendants will continue to use, unless restrained, the MONTAUK FISHING CHARTERS® Mark and/or marks confusingly similar to the MONTAUK FISHING CHARTERS® Mark and will cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendants, their respective officers, agents, and employees, and all persons acting in concert with the Defendants, from engaging in further acts of infringement.

29. Upon information and belief, Defendants' conduct complained of herein was done willfully, with full knowledge of its false and misleading nature, and with the intent to cause confusion, to mislead, and to deceive.

30. Plaintiff's business, goodwill, and reputation have been and will continue to be irreparably harmed by Defendants' activities unless Defendants are enjoined.

31. Plaintiff's remedy at law is inadequate.

32. Plaintiff has suffered and will continue to suffer irreparable injury and damages, in an amount not yet determined, for which Plaintiff is entitled to relief. Plaintiff seeks damages and preliminary and permanent injunctive relief against further infringement.

33. Plaintiff is entitled to recover from Defendants the actual damages that it has sustained and/or is likely to sustain as a result of Defendants' wrongful acts.

34. Plaintiff is further entitled to recover from Defendants the gains, profits and advantages that Defendants have obtained as a result of their wrongful acts.

35. Because of the willful nature of Defendants' wrongful acts, Plaintiff is entitled to an award of punitive damages under the common law, and treble damages and increased profits under 15 U.S.C. § 1117.

## COUNT TWO
## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125(a))

36. Plaintiff repeats and realleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

37. Defendants' conduct as alleged herein, including its use of the Infringing Marks in connection with boating and fishing charter services, constitutes a false designation of origin as such conduct is likely to cause confusion and/or deceive consumers as to the origin,

sponsorship, affiliation, connection and/or association of Plaintiff and/or the MONTAUK FISHING CHARTERS® Mark, with Defendants and their services.

38. Upon information and belief, Defendants' services rendered under the Infringing Marks are calculated and intended to deceive and are likely to deceive consumers into believing that they are purchasing and/or using Plaintiff's services. Defendants' services rendered under the Infringing Marks may bear similarities to Plaintiff's services rendered under its MONTAUK FISHING CHARTERS® Mark, however, such services do not originate from or have the approval or authorization of Plaintiff.

39. Furthermore, upon information and belief, Defendants' Websites and Defendants' Facebook Page are also calculated and intended to deceive and are likely to deceive consumers into believing that they are visiting a website or Facebook page promoting and/or offering Plaintiff's services.

40. Defendants' use of the MONTAUK FISHING CHARTER SERVICE and MONTAUK CHARTER SERVICE marks is without Plaintiff's permission or authority and in total disregard of Plaintiff's right to control its trademarks.

41. The foregoing acts of Defendants constitute unfair competition and a false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

42. By reason of all the foregoing, Plaintiff is being damaged by Defendants' willful use of the Infringing Marks in the manner set forth above and will continue to be damaged unless Defendants are immediately enjoined from using the Infringing Marks, or any marks colorably similar to Plaintiff's MONTAUK FISHING CHARTERS® Mark, and further enjoined from marketing, promoting and rendering services under the Infringing Marks, or any marks colorably similar to Plaintiff's MONTAUK FISHING CHARTERS® Mark.

43. Plaintiff will be irreparably injured by the continued acts of Defendants, unless such acts are immediately enjoined pursuant to 15 U.S.C. §1116(a).

44. Plaintiff has no adequate remedy at law.

45. In addition to injunctive relief, Plaintiff is entitled to all damages it has sustained in an amount to be determined at trial including but not limited to Defendants' profits and gains as a result of its unfair competition described above, attorneys' fees and costs of this action pursuant to 15 U.S.C. §1117.

## COUNT THREE
## NEW YORK TRADEMARK INFRINGEMENT
### (New York General Business Law Article 24 § 360-o)

46. Plaintiff repeats and realleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

47. From its longstanding use of the MONTAUK FISHING CHARTERS® Mark as a source identifier for its services, Plaintiff has acquired common law trademark rights in the MONTAUK FISHING CHARTERS® Mark in connection with, among other things, boat chartering, boat cruises, conducting boat charters and conducting fishing charters.

48. The actions of Defendants complained of herein are likely to create confusion and mistake and deceive consumers into believing that Defendants' infringing and unauthorized services are authorized by, licensed by, sponsored by or otherwise associated with Plaintiff and/or its common law rights in the MONTAUK FISHING CHARTERS® Mark.

49. The foregoing acts of Defendants constitute willful and deliberate infringement of Plaintiff's MONTAUK FISHING CHARTERS® Mark in violation of the common law of the State of New York.

50. By reason of all the foregoing, Plaintiff is being damaged by Defendants' willful use of the MONTAUK FISHING CHARTERS® Mark in the manner set forth above and will continue to be damaged unless Defendants are immediately enjoined from using the MONTAUK FISHING CHARTERS® Mark.

51. Trademark infringement claims under common law are permitted under New York General Business Law Article 24 § 360-o.

52. Plaintiff will be irreparably injured by the continued acts of Defendants, unless such acts are enjoined.

53. Plaintiff has no adequate remedy at law.

54. In addition to injunctive relief, Plaintiff is entitled to all damages it has sustained in an amount to be determined at trial, including, but not limited to, Defendants' profits and gains as a result of its infringing acts described above, attorneys' fees and costs of this action.

### COUNT FOUR
### NEW YORK UNFAIR COMPETITION AND FALSE ADVERTISING
(New York General Business Law Article 24 § 360-l)

55. Plaintiff repeats and realleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

56. Plaintiff has expended substantial time, resources and effort to develop and obtain an excellent reputation and goodwill for itself, its services and the MONTAUK FISHING CHARTERS® Mark.

57. Upon information and belief, Defendants has knowingly and willfully misappropriated Plaintiff's MONTAUK FISHING CHARTERS® Mark in an effort to falsely

create the impression that the Defendants' services are sanctioned by Plaintiff and in order to arrogate unto itself all of the goodwill associated with the MONTAUK FISHING CHARTERS® Mark and Plaintiff. Defendants' unlawful acts in misappropriating rights in Plaintiff's MONTAUK FISHING CHARTERS® Mark were intended to capitalize on Plaintiff's goodwill for Defendants' own pecuniary gain.

58. Through Defendants' unauthorized use of the MONTAUK FISHING CHARTERS® Mark on Defendants' Websites and Defendants' Facebook Page, Defendants' have, in commercial advertising and/or promotion misrepresented the nature, characteristics, and/or qualities of its products and/or services.

59. Defendants' services and related advertising are calculated to and are likely to create confusion and to deceive and mislead consumers into believing that such services and advertising originated with or are authorized by Plaintiff, and has caused and is likely to cause confusion as to the source of Defendants' services, all to the detriment of Plaintiff.

60. Defendants' acts as alleged above constitute unfair competition and will, unless enjoined by this Court, result in the destruction and/or diversion of Plaintiff's goodwill in its MONTAUK FISHING CHARTERS® Mark, and the unjust enrichment of Defendants.

61. Furthermore, Defendants' activities, including its use of the MONTAUK FISHING CHARTERS® Mark and/or marks confusingly similar thereto on Defendants' Website and Defendants' Facebook Page, constitute a false designation of origin, a false and misleading description of fact, and false and misleading representations of fact that are likely to cause confusion, to cause mistake, and to deceive as to the affiliation, connection, or association

of Plaintiff with Defendants, and as to the origin, sponsorship, or approval of Defendants' products and/or services by Plaintiff.

62. Defendants' activities constitute misappropriation of Plaintiff's proprietary rights and goodwill in and to its MONTAUK FISHING CHARTERS® Mark.

63. Defendants' activities violate New York General Business Law Article 24 § 360-l regarding unfair competition and false advertising.

64. Upon information and belief, Defendants committed the acts alleged herein and are continuing to commit the acts complained of herein, intentionally, deliberately, fraudulently, maliciously, willfully, wantonly and/or oppressively with the intent to confuse the public and to injure Plaintiff.

65. Plaintiff has no adequate remedy at law and is suffering irreparable harm and damage as a result of the aforesaid acts of Defendants in an amount not yet determined or ascertainable.

66. Plaintiff's business, goodwill, and reputation have been and will continue to be irreparably harmed by Defendants' activities unless Defendants are enjoined.

67. Plaintiff's remedy at law is inadequate.

68. In addition, upon information and belief, Defendants have obtained gains, profits and advantages as a result of its wrongful acts in an amount not yet determined or ascertainable.

69. Plaintiff has suffered and will continue to suffer irreparable injury and damages, in an amount not yet determined, for which Plaintiff is entitled to relief. Plaintiff seeks damages and preliminary and permanent injunctive relief against further infringement.

## COUNT FIVE
## DECEPTIVE ACTS AND PRACTICES
### (New York General Business Law § 349)

70. Plaintiff repeats and realleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

71. Defendants, without Plaintiff's authorization or consent, and having knowledge of Plaintiff's rights in and to the MONTAUK FISHING CHARTERS® Mark, use the MONTAUK FISHING CHARTERS® Mark and/or marks confusingly similar thereto to offer for sale services to the public in direct competition with Plaintiff.

72. Defendants' use of the MONTAUK FISHING CHARTERS® Mark is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of Defendants' goods and/or services, and is likely to deceive the public into believing that Defendants' goods and/or services originate from, are associated with, or are otherwise authorized by Plaintiff.

73. Defendants' deceptive acts and practices involve public sales activities of a recurring nature.

74. The acts of Defendants have caused and are causing great and irreparable harm and damage to Plaintiff, and unless permanently restrained and enjoined by this Court, such irreparable harm will continue.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. Ordering that Defendants and their parents, subsidiaries, affiliated companies, officers, agents, directors, employees, shareholders and attorneys and all those persons in active concert or participation with it who receive actual notice of the injunction by personal service or otherwise, be permanently restrained and enjoined from:

 a. Further infringing Plaintiff's MONTAUK FISHING CHARTERS® Mark, and from rendering, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise offering of any services under the MONTAUK FISHING CHARTERS® Mark, or any mark confusingly similar thereto, including, but not limited to, the Infringing Marks, namely, the MONTAUK FISHING CHARTER SERVICE and MONTAUK CHARTER SERVICE marks;

 b. Using any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiff's MONTAUK FISHING CHARTERS® Mark in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized goods or services in such fashion as to relate or connect, or tend to relate or connect, such goods or services in any way to Plaintiff's, or to any goods or services sold, rendered, manufactured, sponsored or approved by or connected with Plaintiff;

 c. Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any goods or services sold, rendered, promoted, advertised, marketed, manufactured, or distributed by Defendants are in any manner associated or connected with Plaintiff, or are sold, rendered, manufactured, licensed, sponsored, approved or authorized by Plaintiff;

 d. Using any false descriptions or representations or any false designations of origin or from otherwise committing any acts of unfair competition with respect to Plaintiff and/or its MONTAUK FISHING CHARTERS® Mark or by using Plaintiff's MONTAUK FISHING CHARTERS® Mark, or any marks colorably similar thereto, without Plaintiff's authorization;

e. Engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of Plaintiff's MONTAUK FISHING CHARTERS® Mark, or of Plaintiff's rights in, or to use or to exploit, the MONTAUK FISHING CHARTERS® Mark.

2. Directing that Defendants deliver for destruction all goods, products, signs, labels, brochures, advertising, promotional material, prints, packages, dyes, wrappers, receptacles and advertisements in their possession or under their control bearing one or both of the Infringing Marks, or any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiff's MONTAUK FISHING CHARTERS® Mark, and all plates, molds, screens, heat transfers and means of making the same.

3. Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that Defendants' services rendered or promoted by Defendants are authorized by Plaintiff or related in any way to Plaintiff's services.

4. Directing that an accounting and judgment be rendered against Defendants for:

a. All profits received by Defendants from the sale of goods and/or rendering of services under the Infringing Marks, or any mark colorably similar to Plaintiff's MONTAUK FISHING CHARTERS® Mark; and

b. All damages sustained by Plaintiff on account of Defendants' trademark infringement and unfair competition.

5. Awarding Plaintiff its costs in this action together with reasonable attorneys' fees and expenses as provided for by 15 U.S.C. §1117, and such other and further relief as the Court may deem equitable including, but not limited to, any relief set forth under §§ 34-39 of the 1946 Trademark Act, Sections 349 and 350 of the New York General Business Law and New York State common law.

6. Awarding Plaintiff interest, including pre-judgment interest, on all sums.

7. Directing that the Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and directions as may

be necessary or appropriate for the interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith, and for the punishment of any violations thereof.

8. Awarding to Plaintiff such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff, pursuant to Rule 38 of the Federal Rules of Civil Procedure, hereby demands a trial by jury.

Dated: New York, New York
       July 1, 2014

PRYOR CASHMAN LLP

By: _____
Dyan Finguerra-DuCharme (DF-9228)
Ryan S. Klarberg (RK-4719)
7 Times Square
New York, New York 10036
Telephone: (212) 421-4100
dfinguerra-ducharme@pryorcashman.com
rklarberg@pryorcashman.com

*Attorneys for Plaintiff Alyssa Ann Sportsfishing, Inc.*

# EXHIBIT A

# MARTIN, SHUDT, WALLACE, DILORENZO & JOHNSON
*ATTORNEYS AT LAW*

KIRBY W. DILORENZO
ROBERT WM. JOHNSON, III
JAMES E. PROUT
PAUL M. MACARI
DAVID T. GARVEY
ROBERT L. ADAMS
JENNIFER A. CUSACK

258 Hoosick Street
Suite 201
Troy, New York 12180
Tel (518) 272-6565  Fax (518) 272-5573

SCOTT M. MORLEY
JAMES R. WEISS

DAVID L. EVANS

CARL E. MARTIN (1902-1988)
EDWYN L. SHUDT (1930-2014)
RICHARD P. WALLACE (1941-2011)

www.martinshudt.com

SENDER'S EMAIL:
SMorley@martinshudt.com

27 May 2014

*Via Certified Return Receipt Mail and*
*Regular First Class Mail*

Jill Winkelmann
Montauk Fishing Charter Service
57 Kirk Ave, Unit #3-B
Montauk, NY 11954

*Re:*   *Trademark Infringement*

Dear Ms. Winkelmann:

    This office represents Alyssa Ann Sportsfishing, Inc. which is the owner of the trademark "Montauk Fishing Charters" ("The Mark"). The Mark has been registered with the U.S. Patent and Trademark Office and United States Registration No. 4,022,056 has been issued for the Mark.

    Our client has learned of your use of a variation of the Mark, which is shown as attached. Your current use and continued use is likely to cause confusion. To continue to do so constitutes infringement, dilution of my client's trademark, dilution of trade name, blurring of trademark, tarnishment of good will and unfair competition under federal and state laws, including but not limited to NY General Business Law §133 and General Business Law §360-l. We have been made aware of specific examples of your answering service posing as my client and misleading customers as to your affiliation.

    Based upon our information regarding your use, our use of the Mark has priority over yours based upon our earlier and continuous use, as well as the above federal registration. Therefore, your use is a violation of the rights of Alyssa Ann Sportsfishing, Inc.

    In view of your infringement of Alyssa Ann Sportsfishing, Inc.'s rights we demand that you

MARTIN, SHUDT, WALLACE, DiLORENZO & JOHNSON

May 27, 2014
Page 2

provide written assurances within 7 days from May 27, 2014 that you will:

1) Immediately and permanently cease and desist from using the Mark described in the enclosed materials or any other name or mark confusingly similar.
2) Acknowledge that you will not hereafter use a mark confusingly similar to my client's;
3) Provide an accounting of all gross sales to date.

You are advised to cease and desist infringing on this trademark and to cease and desist any use thereof. We reserve the right to commence proceedings to enjoin such use and to protect Alyssa Ann Sportsfishing, Inc.'s use. Please be advised of your obligation to preserve all evidence related to this matter including electronically stored information. Failure to preserve such information, including failure to cease manual overwriting or refusing to properly sequester electronically stored information, may constitute spoliation of evidence.

Thank you and please call or email with any questions.

Sincerely yours,

SCOTT M. MORLEY

Enclosure
cc.  Alyssa Ann Sportsfishing, Inc.

Sunset Cruises • Water Taxi • Block Island Excursions • Corporate Charters
Multi Passenger - Large Groups



## Montauk Charter Service

www.montaukfishingcharterservice.com

 facebook.com/montaukfishingcharterservice

montaukcharterservice@gmail.com
631-668-8100



MAKE SOME MEMORIES WITH FAMILY AND FRIENDS!
"GET OUT THERE"
WE CAN SOURCE ANY TYPE OF BOATING TRIP YOU ARE INTERESTED IN!
LET US DO THE WORK AT NO COST TO YOU!!
CALL US TODAY TO BOOK YOUR TRIP!
631-668-8100
montaukfishingcharterservice.com